IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANTE BURTON, | Case No. 1:19-cv-222 |
| Plaintiff | |
| v. | RICHARD A. LANZILLO |
| | UNITED STATES MAGISTRATE JUDGE |
| RHU SGT. CLINGER and | |
| MARY ANDERSON, | MEMORANDUM OPINION AND ORDER |
| *PSYCHOLOGICAL SERVICE* | ON DEFENDANTS' MOTION FOR |
| *SPECIALIST* | SUMMARY JUDGMENT [ECF NO. 39] |
| Defendants | |

MEMORANDUM OPINION AND ORDER

I.   Introduction

This action was removed to this Court from the Court of Common Pleas for Erie County. ECF No. 1.[1] Plaintiff Dante Burton, who is currently an inmate at the State Correctional Institution at Dallas, filed a complaint against Defendants for incidents that took place while he was an inmate at the State Correctional Institution at Albion (SCI-Albion). ECF No. 1-2. Pursuant to 42 U.S.C. § 1983, Burton asserts a claim against Defendant Mary Anderson, a Psychological Services Specialist, for deliberate indifference to his medical needs. Burton also asserts a claim of sexual harassment against Defendant RHU Sgt. Clinger. He seeks declaratory relief and damages for mental and emotional distress as well as punitive damages.

Defendants have filed a Motion for Summary Judgment and supporting documents. ECF Nos. 39-42. Burton has filed a Brief in Opposition and supporting documents. ECF Nos. 46-48. The motion is ripe for decision.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

1

II.     Standard of Review

Federal Rule of Civil Procedure 56(a) requires a court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.* at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

In determining whether a genuine issue of material fact remains for trial, the court must consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To defeat a properly supported motion for summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings but must identify evidence that demonstrates the existence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Furthermore, the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The moving party may also rely upon the absence of evidence to support an essential element of the opposing party's claim as a basis

for the entry of summary judgment because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. *See also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

III.     Analysis

    A.     Facts

The following facts are undisputed. On June 12, 2018, Burton was confined in the Restricted Housing Unit (RHU) at SCI-Albion. ECF No. 40 ¶ 3; ECF No. 47 ¶ 3. On that date, Burton covered his cell camera. ECF No. 40 ¶ 5; ECF No. 47 ¶ 5. Clinger told Burton that because his cell camera was covered, he could not go to the yard. ECF No. 40 ¶ 6; ECF No. 47 ¶ 6. Burton claims that Clinger then made a sexually derogatory remark which caused him to become depressed and to have suicidal thoughts.[2] ECF No. 40 ¶ 9; ECF No. 47 ¶ 9.

Later that day, Burton asked for Defendant Anderson. ECF No. 40 ¶ 13; ECF No. 47 ¶ 13. At 1:45 p.m., before Anderson saw him, Burton tried to kill himself. ECF No. 40 ¶ 14; ECF No. 47 ¶ 14. Burton was subsequently seen by the medical department and then placed in an observation cell where he continued to try to harm himself by banging his head on the wall. ECF No. 40 ¶ 15; ECF No. 47 ¶ 15. At 3:15 p.m., Anderson saw Burton in the Psychiatric Observation Cell. ECF No. 40 ¶ 20; ECF No. 47 ¶ 20.

    B.     Deliberate Indifference

The Eighth Amendment "requires prison officials to provide basic medical treatment" for incarcerated persons. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citation omitted). To establish an Eighth Amendment claim based on inadequate medical care, a plaintiff must show:

---

[2] The parties dispute whether Clinger made such a remark. ECF No. 40 ¶¶ 7-8; ECF No. 47 ¶¶ 7-8. It is undisputed that a PREA investigation found that Burton's allegations concerning the alleged remark were unsubstantiated. ECF No. 40 ¶ 11; ECF No. 47 ¶ 11.

3

"(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Thus, to survive summary judgment on a claim brought under 42 U.S.C. § 1983 alleging that prison officials have violated the Eighth Amendment rights of an inmate, that inmate must (1) show that his medical condition is "objectively, sufficiently serious" and (2) show that the defendant acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse*, 182 F.3d at 197). The subjective inquiry aspect of deliberate indifference is meant "to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). "In *Farmer v. Brennan*, the Supreme Court held that finding a prison official liable for violating a prisoner's Eighth Amendment rights requires proof that the official 'knows of and disregards an excessive risk to inmate health or safety.' 511 U.S. 825, 837, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). He must be 'both [] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draw the inference.' *Id.*" *Natale*, 318 F.3d at 582. The United States Court of Appeals for the Third Circuit has explained that deliberate indifference requires "obduracy and wantonness." *Rouse*, 182 F.3d at 197 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

In moving for summary judgment as to this claim, Defendants argue that Anderson did not possess the requisite state of mind for deliberate indifference because the delay in her treatment of Burton cannot be attributed to obduracy or wantonness. ECF No. 42 at 4-7. In support of this argument, Defendants cite to Anderson's affidavit describing her relevant actions. *Id.* at 6-7. Therein, she states that, on the morning of June 12, 2018, when she received notice that Burton

wanted to meet with her, she planned to see him as soon as she was able to do so. ECF No. 41-5 ¶ 7. She further states that when she received notice that Burton had attempted to harm himself, had been secured by officers and had been assessed by the medical staff, she provided instruction that he be placed in a Psychiatric Observation Cell, per established protocol. *Id.* ¶¶ 5-6, 8. She finally states that she met with Burton in person at 3:15 p.m. that day, "only several hours" after she was made aware that he wanted to meet, and that she met with him as soon as she was able to do so. *Id.* ¶¶ 9-10.

In opposition to the Motion for Summary Judgment, Burton argues that Anderson's failure to act immediately upon being made aware that Burton was having suicidal thoughts is sufficient evidence to show that Anderson was deliberately indifferent to his serious medical needs. ECF No. 46 at 6-11.

As set forth above, the parties do not dispute that Anderson did not immediately go to see Burton upon hearing that he wished to meet with her. However, that delay does not, without more, evidence deliberate indifference.

As to the subjective element of the claim, Defendants have properly supported their motion for summary judgment with record evidence that Anderson did not delay her meeting with Burton wantonly and obdurately, but rather she strove to and did meet with Burton as soon as she was able, and only hours after he asked to meet with her. Therefore, in order to defeat this motion, Burton is required to identify evidence that demonstrates the existence of a genuine issue of material fact as to Anderson's state of mind, *i.e.*, that she delayed the meeting with him, not due to her inability to avoid the delay, but due to her wanton disregard of what she knew to be an excessive risk to his health or safety. He has not done so. Accordingly, Defendants are entitled to judgment as a matter of law on this claim.

C.   Sexual Harassment

Defendants also move for summary judgment on the sexual harassment claim, arguing that Burton has failed to establish the claim under Section 1983. ECF No. 42 at 3-4. However, in his Brief in Opposition, Burton makes clear that his sexual harassment claim is brought as a state tort claim. ECF No. 42 at 4-5. Because Burton has disclaimed any claim of sexual harassment sounding in federal law, and the Court has granted summary judgment in favor of Defendants on Burton's Eighth Amendment claim, no federal question remains pending in this case to support federal court jurisdiction.

In light of the dismissal of Nelson's sole federal claim, the Court declines to exercise supplemental jurisdiction over his remaining state law claim. A district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Court of Appeals for the Third Circuit has instructed, though, that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis in original). No such considerations weigh in favor of this Court continuing to exercise supplemental jurisdiction in this case. Accordingly, the Court will remand this case to the Court of Common Pleas of Erie County for further litigation of this claim.

IV.   Conclusion

For the reasons discussed herein, the following order is entered:

6

ORDER

AND NOW, this 11th day of March, 2021, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment, ECF No. 39, is GRANTED as to Plaintiff's Eighth Amendment claim of deliberate indifference against Mary Anderson. The Court declines to exercise supplemental jurisdiction over Plaintiff's claim of sexual harassment against RHU Sgt. Clinger. The Clerk of Court shall REMAND this case to the Court of Common Pleas of Erie County for further proceedings as to the Pennsylvania state law sexual harassment claim against RHU Sgt. Clinger.

                                                    RICHARD A. LANZILLO
                                                    United States Magistrate Judge